**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT SUTHERBY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 1:25-cv-01127-STA-jay** |
| | ) | |
| **JAMES SUKACH, Individual Capacity** | ) | |
| **and Official Capacity as Chief of Police** | ) | |
| **for Big Sandy Police Department,** | ) | |
| **MICHAEL STRADER, Individual** | ) | **JURY TRIAL DEMAND** |
| **Capacity, and** | ) | |
| **JOHN BRYANT ALLEN, Individual** | ) | |
| **Capacity,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER
AND GRANTING PLAINTIFF'S MOTION TO AMEND PLEADINGS**

---

Before the Court is Plaintiff Robert Sutherby's Motion to Amend Scheduling Order (ECF No. 56) and Motion to Amend Pleadings (ECF No. 57), both filed March 27, 2026. Plaintiff asks the Court to amend the scheduling order deadline to amend the pleadings and then allow him to file an amended pleading. For cause Plaintiff states that the scheduling order's deadline for amending the pleadings passed on March 17, 2026. At that time a motion for partial judgment on the pleadings was still pending before the Court. On March 26, 2026, the Court entered an order granting the Rule 12(c) motion and dismissed Plaintiff's claims for the violation of his Fourteenth Amendment rights. The following day, Plaintiff filed the Motions now before the Court. Plaintiff argues that good cause exists to extend the deadline for amending the pleadings because the Court issued its order after the deadline had passed. Plaintiff seeks the opportunity to cure the defect

1

identified in the Court's ruling by simply repleading his Fourteenth Amendment claims as Fourth Amendment claims. Defendants James Sukach and Michael Strader oppose.

When an answer to a complaint has been filed, as in the present case, an amended complaint cannot be filed without leave of court. Fed. R. Civ. P. 15(a). "[L]eave shall be freely given when justice so requires." *Id.* The appropriate factors to consider in determining whether to permit an amendment include: "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

In addition to the requirements of Rule 15, Rule 16(b) of the Federal Rules of Civil Procedure provides that, a scheduling order establishing deadlines for matters such as amendments to pleadings "may be modified only for good cause and with the judge's consent." When seeking to amend after the deadline in the scheduling order, the movant must satisfy not only the relatively liberal requirements of Rule 15 but also the more exacting "good cause" standard of Rule 16. Unlike Rule 15, which permits amendment in the absence of undue delay, bad faith, or dilatory motive, Rule 16 also requires diligence by the party seeking amendment.

In *Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003), the Court of Appeals discussed the interplay between Rule 15(a)'s leave to amend "shall be freely given" language and Rule 16(b)'s good cause requirement. Specifically, the Court established that, once a scheduling order's deadline passes, a party must first show good cause under Rule 16(b) for the failure to seek leave to amend prior to the expiration of the deadline before a Court will consider whether the amendment is proper under Rule 15(a). A determination of the potential prejudice to the non-moving party is also required in deciding whether to allow the amendment. *Id.*

2

Here, the Court finds good cause to extend the deadline for amending the pleadings and to grant Plaintiff leave to amend. Plaintiff acted promptly to extend the deadline and amend his pleadings. Plaintiff filed his requests the day after the Court issued its order. The amendment to the pleadings is quite narrow. Plaintiff does not appear to be alleging any new facts or theories to support his claims for relief. Plaintiff is only repleading some of the claims the Court dismissed in its recent order to cite the correct constitutional source of the civil rights implicated. While it is true the proposed amended pleading would revive the dismissed claims, the amendment will not delay the trial of the case or cause Defendants to suffer any prejudice. Therefore, Plaintiff's Motions are **GRANTED**.

Plaintiff is granted leave to amend his pleadings. Plaintiff has attached a copy of his proposed amended complaint to the Motion. For the sake of clarity on the record, Plaintiff should refile the amended pleading as a new docket entry. Plaintiff's re-filing is due within 3 days of the entry of this order.

   **IT IS SO ORDERED**.

         **s/ S. Thomas Anderson**
         S. THOMAS ANDERSON
         UNITED STATES DISTRICT JUDGE

         Date: April 10, 2026